UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ROBERT DEREK LURCH, JR.,

                      Plaintiff,

       -against-

THE CITY OF NEW YORK, et al.,

                    Defendants.

------------------------------------------------------------x

23-CV-5249 (JHR) (OTW)

**OPINION & ORDER**

**ONA T. WANG, United States Magistrate Judge:**

    This case has been referred to me for General Pretrial (ECF 8), and by amended order, Dispositive Motions. (ECF 44). The parties participated in an unsuccessful mediation in March and are now proceeding with discovery. (ECF 43). On March 7, 2024, *pro se* Plaintiff filed a motion for summary judgment. (*See* ECF 41). On March 8, 2024, the Court issued an order directing Defendants to file a letter responding to ECF 41 by April 12, 2024. (ECF 47). The next day, on April 9, 2024, a second motion for summary judgment dated March 29, 2024, was docketed. (ECF 52). Defendants' April 12, 2024, letter moves the Court to strike ECF Nos. 41 and 52 and premature. (ECF 55).

    A motion for summary judgment is properly filed after the close of discovery. *See, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986) ("Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'"); *see Ass'n of Car Wash Owners Inc. v. City of New York*, 911 F.3d 74, 83 (2d Cir.

1

2018) ("'[S]ummary judgment should only be granted if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'") (emphasis in original) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)).

Because discovery is ongoing, Plaintiff's two motions for summary judgment are premature. Plaintiff appears to agree that summary judgment properly follows discovery, stating in a letter dated April 9, 2024, but filed on the docket on April 16, 2024, that he "will be moving for summary judgment at the close of discovery." (ECF 57 at 1).

Accordingly, Plaintiff's two motions for summary judgment should be deemed **WITHDRAWN**, and Defendants' motion to strike (ECF 55) is **DENIED as moot**. Plaintiff is directed not to file any further motions for summary judgment until the Court has entered a briefing scheduling following the close of discovery.

Defendants are directed to serve a copy of this Order on *pro se* Plaintiff, and file proof of same on the docket.

The Clerk of Court is respectfully direct to close ECF 55. The Clerk of Court is further directed to seal ECF 57 viewable to the Court and the parties only, as it contains *pro se* Plaintiff's confidential medical records.

**SO ORDERED.**

Dated: New York, New York
     April 18, 2024

*/s/ Ona T. Wang*
**Ona T. Wang**
United States Magistrate Judge